Russell S. Thompson IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
jpanvini@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Tomlinson, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| | ) | |
| vs. | ) | |
| | ) | |
| Medical Society Business Services, Inc. dba Bureau of Medical Economics | ) | |
| | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1.     Plaintiff Robert Tomlinson ("Plaintiff") brings this action against Defendant Medical Society Business Services, Inc. dba Bureau of Medical Economics ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**PARTIES**

4.     Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Peoria.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11.     On September 19, 2014, Plaintiff received emergency medical treatment from North Valley Emergency Specialists LLC ("NVES") and was admitted to the hospital for several days.

12.     In October 2014, Plaintiff received a bill from NVES, which stated that Plaintiff's insurance carrier had denied the claim and that Plaintiff was responsible for the full balance due of $648.

13.     Plaintiff called his insurance provider, Blue Cross Blue Shield ("BCBS"), to find out whether NVES had submitted the claim to them.  BCBS told Plaintiff that they had not received any such claim.

14.     Plaintiff called NVES and informed them that they needed to resubmit the claim because his insurance company had not received it.

15.     NVES told Plaintiff that they would resubmit the claim, and advised Plaintiff that he could ignore any subsequent correspondence he might receive from them.

16.     In November 2014, Plaintiff received another bill from NVES which was substantially identical to the October bill, and which again told Plaintiff he owed $648.

17.     Given NVES's instructions to ignore subsequent correspondence while they resubmitted the claim, Plaintiff ignored the November letter.

18.     In December 2014, Plaintiff received yet another bill from NVES.

19.     This bill threatened further collection activity if Plaintiff did not immediately pay $648.

20.     Plaintiff signed onto the payment website listed on the bill to investigate, and noticed that it listed the incorrect ID number for his insurance carrier.

21.     Plaintiff corrected the ID number through the website, and sent an email through the website to have them resubmit the bill for processing using the correct ID number.

22.     Two months later, Plaintiff received a letter from Defendant in connection with the collection of the Debt, dated February 17, 2015.

23.     Plaintiff called Defendant on February 23, 2015, informed Defendant that he disputes the Debt, and asked what else he needed to do to submit a formal dispute.

24.     Defendant asked for the reason for Plaintiff's dispute, so Plaintiff explained the events detailed *supra* paragraphs 11-23.

25.     Plaintiff stated his preference to resolve the account directly with NVES, but Defendant advised Plaintiff that, because Defendant had been assigned the file for collection purposes, Plaintiff could no longer work directly with NVES.

26.     Defendant called Plaintiff back on February 25, 2015 and asked for Plaintiff's correct insurance ID number, which Plaintiff provided.

27.     Plaintiff received another letter from Defendant, so Plaintiff called Defendant, who informed Plaintiff that they were still processing the claim with his insurance carrier, BCBS.

28.     In May 2015, Plaintiff receive a phone call from Defendant stating that the claim had been denied and that Plaintiff needed to call immediately.

29.     On May 15, 2015, Plaintiff had a conference call with Defendant and BCBS of New Jersey.

30.     During this call, BCBS of New Jersey informed Defendant that the claim had again been submitted with the incorrect ID number, and stated that it would process and approve the claim if Defendant submitted it properly.

31.     Defendant promised to resubmit the claim with the correct ID number.

32.     In September 2015, Plaintiff received a collection phone call from Defendant in which Defendant stated that, unless Plaintiff responded, further action would be taken.

33.     Plaintiff called Defendant and again explained to Defendant's representative, "Ashley Clark," everything that had transpired up to that point, including the conference call between Defendant, Plaintiff, and BCBS, in which BCBS confirmed that they would process the claim if it were resubmitted correctly.

34.     Rather than attempt to resolve the issue, "Ashley Clark" suggested that Plaintiff submit the claim to his insurance carrier himself, which Plaintiff naturally did not have the information or qualifications to do.

35.     Eventually, "Ashley Clark" agreed to correct the error in his account and resubmit the claim.

36.     Several months later, Defendant sent yet another letter to Plaintiff in an attempt to collect the Debt, dated March 4, 2016.

37.     Despite the prior notice that the Debt was not properly chargeable to Plaintiff for the full amount, Defendant's March 4, 2016 letter still alleged the amount of the Debt to be $648.00, and attempted to collect that amount from Plaintiff.

38.     Plaintiff called Defendant on March 11, 2016 and again recounted all of the events up to that point to Defendant's representative, "Sharon."

39.     "Sharon" said that Defendant had resubmitted the claim using the correct ID number, and that it had been denied.

40.     Plaintiff called his insurance carrier who explained that Defendant had again submitted the claim incorrectly.

41.     Plaintiff's insurance carrier further explained that because Defendant is in Arizona, they needed to submit his claim to BCBS of Arizona, which Defendant had failed to do.

42.     Plaintiff's insurance carrier told Plaintiff it had explained all of this to Defendant, provided Defendant with the address to use for BCBS of Arizona, and even contacted BCBS of Arizona directly to let them know that Defendant would be resubmitting the claim to them.

43.     In May 2016, Plaintiff called Defendant for an update, and was told that the claim was still in process.

44.     In June 2016, Plaintiff received an Explanation of Benefits letter from his insurance carrier stating that the claim had been rejected because "The claim was submitted after the timely filing limit allowed under your benefit plan."

45.     This naturally caused Plaintiff significant distress because, despite his diligent efforts, the late filing was caused by Defendant's repeated mistakes.

46.     Plaintiff called his insurance carrier to—again—explain the circumstance up to that point, and BCBS said it would reprocess the bill.

47.     During the very same call, BCBS resubmitted the claim, and informed plaintiff that he would only owe $41.65.

48.     Plaintiff immediately called and informed Defendant that the claim had been rejected due to untimely filing, that he had called his carrier and had the claim reprocessed, and that he would only owe $41.65.

49.     Defendant told Plaintiff to wait until he received an updated Explanation of Benefits, and then to send a copy of the Explanation of Benefits letter and his payment so that Defendant would know what to write off.

50.     Plaintiff agreed, but expressed that he felt like he was doing Defendant's job for them.

51.     In late July 2016, Plaintiff called Defendant to inform them that he had received the updated Explanation of Benefits information, and asked if he could make his payment of $41.65 to Defendant over the phone.

52.     Defendant told Plaintiff that he could, but that there would be an added $4.95 fee to Plaintiff's Health Savings Account debit card.

53.     Defendant charging Plaintiff a $4.95 processing fee is not expressly authorized by the agreement creating the Debt.

54.     Defendant charging Plaintiff a $4.95 processing fee is not expressly permitted by law.

55.     In fact, where the fee is to be charged to a Health Savings Account debit card, it is expressly prohibited by law.

56.     Plaintiff informed Defendant that they are not allowed to charge this processing fee to his Health Savings Account debit card.

57.     Defendant responded that it would be fine and that they do it all the time.

58.     Instead, Plaintiff called his bank and arranged to have a check sent to Defendant from his Health Savings Account.

59.     Plaintiff's bank also confirmed to Plaintiff that Defendant's $4.95 processing fee is not permissible.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

60.     Plaintiff repeats and re-alleges each factual allegation above.

61.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(B)

62. Plaintiff repeats and re-alleges each factual allegation above.

63. Defendant violated 15 U.S.C. § 1692e(2)(B) by falsely representing the compensation which may be lawfully received by Defendant for the collection of the Debt, including by representing that they are authorized to charge a $4.95 processing fee to Plaintiff's Health Savings Account debit card for payments made by phone.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(B);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

64.     Plaintiff repeats and re-alleges each factual allegation above.

65.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect the Debt, including by representing that they are authorized to charge a $4.95 processing fee to Health Savings Account debit cards for payments made by phone.

66.     Distributions from Health Savings Accounts are tax-free if made to pay or be reimbursed for "qualified medical expenses."   *See* Internal Revenue Service Publication 969 (2015), page 8.   If the consumer makes the distribution for any other reason, the distribution will be subject to income tax and may be subject to an additional 20% tax penalty.  *Id.*

67.     Payment processing fees assessed by a debt collector are not "qualified medical expenses," and therefore cannot be charged to the consumer's Health Savings Account without subjecting the consumer to other tax consequences. *See* Internal Revenue Service Publication 502 (2015), page 5-15.

68.     Defendant also violated 15 U.S.C. § 1692e(10) by telling Plaintiff during the March 11, 2016 call that the claim had been denied, despite the fact that Plaintiff's insurance provider had told Defendant during the May 15, 2015 conference call that it would process and approve the claim if it were submitted correctly, and despite the fact that it was Defendant's repeated errors that caused the problems.

69.     Defendant further violated 15 U.S.C. § 1692e(10) in its many letters and phone calls to Plaintiff, including its March 4, 2016 letter, by making false representations to Plaintiff as to the amount of the Debt and his responsibility to pay $648.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)   Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

   b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f)   Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692f(1)**

70.     Plaintiff repeats and re-alleges each factual allegation above.

71.     Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount neither expressly authorized by the agreement creating the Debt nor permitted by law, including by attempting to collect an additional $4.95 processing fee charge to Plaintiff's Health Savings Account debit card for a payment made over the phone.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692f

72.     Plaintiff repeats and re-alleges each factual allegation above.

73.     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt, including by telling Plaintiff that a payment by phone would require an additional $4.95 processing fee charge to Plaintiff's Health Savings Account debit card, when in fact such a charge would subject Plaintiff to detrimental tax consequences.

74.     Distributions from Health Savings Accounts are tax-free if made to pay or be reimbursed for "qualified medical expenses."   *See* Internal Revenue Service Publication 969 (2015), page 8.   If the consumer makes the distribution for any other reason, the distribution will be subject to income tax and may be subject to an additional 20% tax penalty.   *Id.*

75.     Payment processing fees assessed by a debt collector are not "qualified medical expenses," and therefore cannot be charged to the consumer's Health Savings Account without subjecting the consumer to other tax consequences. *See* Internal Revenue Service Publication 502 (2015), page 5-15.

76.     Defendant also violated 15 U.S.C. § 1692f by repeatedly submitting Plaintiff's claim incorrectly, by telling Plaintiff during the March 11, 2016 call that the claim had been denied despite the fact that Plaintiff's insurance provider had explicitly told Defendant during the May 15, 2015 conference call that it would process and approve the claim if it were submitted correctly and despite the fact that it was Defendant's repeated errors that caused the problems.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 15 U.S.C. § 1692f;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

77.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 3, 2017

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff